UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| GEORGE POWELL,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN BARNHART,<br><br>    Respondent. | No. 6:19-CV-186-REW<br><br><br><br>OPINION & ORDER |

\*\*\* \*\*\* \*\*\* \*\*\*

Petitioner George Powell is a federal inmate currently housed at the Federal Correctional Institution ("FCI")-Manchester, located in Manchester, Kentucky. Proceeding without a lawyer, Powell has filed a petition for a writ of habeas corpus, under 28 U.S.C. § 2241, seeking relief from his sentence. DE 1. The Court screens § 2241 petitions pursuant to 28 U.S.C. § 2243. *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A court should deny a petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)); *see Alexander*, 419 F. App'x at 545 (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), to habeas corpus petitions).

I.

On September 13, 1996, a jury convicted Powell of racketeering and racketeering conspiracy in violation of 18 U.S.C. §§ 1962 and 1963 and conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846. *See United States v. Powell*, No. 1:95-cr-008-RAJ-CEH-

1

2 (W.D.N.Y. 1995). Specifically, "as part of the racketeering counts, the jury found Powell guilty of predicate acts including murder, attempted murder, conspiracy to commit murder, attempted kidnapping, and conspiracy to commit kidnapping." *United States v. Powell*, 125 F.3d 845, 1997 WL 626481, at *1 (2d Cir. Oct. 8, 1997). On February 11, 1997, Powell was sentenced to three terms of life imprisonment, to be served concurrently. *See Powell*, No. 1:95-cr-008-RAJ-CEH-2. Powell's conviction and sentence were affirmed on appeal by the Second Circuit. *See Powell*, 1997 WL 626481, at *2.

The District Court denied Powell's first motion to vacate, filed pursuant to 28 U.S.C. § 2255. *See Powell*, No. 1:95-cr-008-RAJ-CEH-2, at DE 121. The Second Circuit then denied Powell's two subsequent motions requesting authorization to file a second or successive § 2255. *See id*. at DE 125; *Powell v. United States*, No. 04-6383 (2d Cir. Mar. 2, 2005). Even so, on January 9, 2013, Powell filed a third attempted successive § 2255 motion based upon the United States Supreme Court's decisions in *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 132 S. Ct. 1399 (2012), raising claims of ineffective assistance of counsel in the context of a plea offer. *See Powell*, No. 1:95-cr-008-RAJ-CEH-2, at DE 128. The District Court dismissed the motion and determined that transfer to the Second Circuit was inappropriate, in the interests of justice, because the motion was wholly without merit. *Id*. at DE 129.

Powell has now filed a petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2241. *See* DE 1. In his § 2241 petition, Powell claims that his sentence violated the Sixth Amendment because his guideline range was increased by "judge-found" facts relating to murder, obstruction of justice, possession of a dangerous weapon, a life-threatening injury, and receipt of pecuniary value. DE 1-1 at 6–7. The Court has conducted a preliminary review of the § 2241

petition; it plainly appears that Powell is not entitled to relief. The Court will therefore deny his petition.

## II.

A federal prisoner generally may not use a § 2241 petition to challenge the legality of his conviction or the enhancement of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Rather, a prisoner who wishes to challenge the legality of his conviction or sentence must file a motion under § 2255. *Id.* (explaining the distinction between a § 2255 motion and a § 2241 petition). A § 2241 petition does not function as an additional or alternative remedy to the one available under § 2255. *Id.*

The "savings clause" of 28 U.S.C. § 2255(e) creates a narrow exception to this prohibition, applicable if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773–74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed, because he did not file a § 2255 motion, or because he did file such a motion (or motions) and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review"). Rather, to properly invoke the savings clause, a petitioner typically must demonstrate "actual innocence." *Wooten v. Cauley*, 677 F.3d 303, 307–08 (6th Cir. 2012). As a thumbnail for a complicated area: "Actual innocence" requires a showing that, after the petitioner's conviction became final, the United States Supreme Court issued a retroactively applicable decision reinterpreting the substantive terms of the statute of conviction such that petitioner's conduct would not violate the statute, *id.*, or establishing that—as a matter of statutory interpretation—a prior conviction used to

3

enhance the sentence is no longer a valid predicate. *Hill v. Masters*, 836 F.3d 591, 599–600 (6th Cir. 2016).

The decidedly slim scope of relief under § 2241 applies with particular force to challenges that target not convictions, but the sentence imposed. *Peterman*, 249 F.3d at 462; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."). To be sure, there is an uncommon exception under which federal prisoners have been permitted to challenge their sentences via § 2241. However, the Sixth Circuit has explained that a prisoner may only proceed in this manner if he can show: "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill*, 836 F.3d at 595. More recently, in *Wright v. Spaulding*, 939 F.3d 695 (6th Cir. 2019), the Sixth Circuit, in clarification of *Hill*, held that "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Id.* at 705.

Here, Powell claims in his § 2241 petition that the sentencing court's reliance on judge-found facts violated his due process and Sixth Amendment rights. DE 1. Specifically, Powell argues that, in applying the Sentencing Guidelines to determine the appropriate sentence range, the court improperly made "findings" about Powell and his conviction and used these findings to determine Powell's offense level. *See* DE 1-1 at 2. Petitioner maintains that court ought to have considered only those facts found by the jury. *Id.* at 3. For support, Powell relies on the following Supreme Court and Sixth Circuit precedents: *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000), *United States v. Booker*, 125 S. Ct. 738 (2005), *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and *Robinson v. Woods*, 901 F.3d 710 (6th Cir. 2018). According to Powell, these decisions have

4

"clearly established that minimum and maximum mandatory sentencing ranges can only be increased on the basis of facts found by a jury," so the sentencing court's use of judge-found facts to "enhance" the sentence violated his Sixth Amendment rights. *See* DE 1-1 at 2–5.

But, to properly invoke the savings clause of § 2255(e), a prisoner must rely on a subsequent case of *statutory* interpretation that has been made retroactively applicable on collateral review. *Wooten*, 677 F.3d 307-308; *Hayes*, 473 F. App'x 501–02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."). None of the Supreme Court cases relied upon by Powell (*Apprendi*, *Alleyne*, or *Booker*) fits these criteria. The cases involve constitutional, rather than statutory, interpretation, and none has been made retroactive on collateral review. *See In re Mazzio*, 756 F.3d 487, 489-90 (6th Cir. 2014) (explaining *Alleyne* is not retroactive on collateral review); *In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013) (identifying *Alleyne* as a new rule of constitutional interpretation); *Humphress v. United States,* 398 F.3d 855, 860–63 (6th Cir. 2005) (holding that *Booker* does not apply retroactively in collateral proceedings); *United States v. Saikaly,* 424 F.3d 514, 517 (6th Cir. 2005) ("*Booker* established a new rule of criminal procedure and therefore did not apply retroactively to cases already final on direct review[.]") (citing *Humphress*, 398 F.3d at 860–63); *In re Clemmons*, 259 F.3d 489, 493 (6th Cir. 2001) (recognizing that *Apprendi* expresses a constitutional rule not retroactive on collateral review). Indeed, the Sixth Circuit has specifically held that "[a] challenge to a sentence based on *Apprendi* cannot be the basis for an actual innocence claim," brought in a § 2241 petition pursuant to the savings clause of § 2255(e). *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003).

5

Powell's petition clearly presents a constitutional challenge to his sentence based upon supposed Fifth and Sixth Amendment violations, not a challenge (as required by *Hill* and *Wright*) based upon changes in statutory interpretation. Thus, if not for the retroactivity bar,[1] § 2255 may have provided an appropriate vehicle for Powell's asserted claims. *See* 28 U.S.C. § 2255(h)(2); *In re Conzelmann*, 872 F.3d 375, 376 (6th Cir. 2017) (noting that § 2255(h) allows a second or successive collateral attack "if the court of appeals certifies that it rests on . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"); *In re Watkins*, 810 F. 3d 375, 377 (6th Cir. 2015). As a result, Powell fails to demonstrate that, under the established definition, he had "no prior reasonable opportunity to bring his argument for relief," *see Wright*, 939 F.3d at 705, and he cannot now use the savings clause to get another bite at the apple. *See id*. at 706. The claims in Powell's petition clearly fall outside the purview of § 2241.

In any event, and as an alternative screening basis, the record does not support Powell's asserted constitutional violations. Although Powell argues that the sentencing court erroneously relied on "the alleged and unproven participation" of Powell in Deleon Alford's murder, "the jury found Powell guilty of predicate acts including murder, attempted murder, conspiracy to commit murder, attempted kidnapping, and conspiracy to commit kidnapping." *See Powell*, 1997 WL 626481, at *1. Because a jury attributed to Powell the predicate act of conspiracy to murder, he

---

[1] Of the Supreme Court opinions Powell cites, *Apprendi* came first. The Supreme Court decided *Apprendi* in 2000. A jury convicted Powell on September 13, 1996, and the Second Circuit affirmed his conviction on direct appeal on November 12, 1997. *See Powell*, No. 1:95-cr-008-RAJ-CEH-2, at DE 111. Accordingly, Powell's conviction was final long before *Apprendi* or the cases that followed its lead. *See Humphress*, 398 F.3d at 860 ("The conviction of a federal criminal defendant who takes a direct appeal to the court of appeals becomes final for the purposes of 28 U.S.C. § 2255 'upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition has been filed.'").

faced a statutory maximum sentence of life imprisonment based upon the *jury's* findings. *See* 18 U.S.C. § 1117 (providing maximum of life imprisonment for conspiracy to murder); § 1963(a) (providing maximum of imprisonment "for life if the violation is based on a racketeering activity for which the maximum penalty includes life imprisonment"); *Powell*, 1997 WL 626481, at *2. Because Powell's sentence did not exceed the statutory maximum sentence authorized by the jury's findings, it was within the range of punishments supported by the jury's verdict.[2] Thus, unlike in *Booker*, the jury's verdict alone permitted Powell's life sentence. *See Booker*, 125 S. Ct. at 751 (noting that, in *Booker*, the judge only acquired authority to impose Booker's sentence by finding additional facts beyond those found by the jury). Accordingly, even if entertaining the merits, Powell cannot show that the imposition of his sentence represents a "fundamental miscarriage of justice" because his sentence depended on jury-found facts, consistent with Powell's Sixth Amendment rights.

Powell does not fit within the narrow category of petitioners allowed to challenge their sentences under § 2241, and in any event, merits no relief

---

[2] Powell received three concurrent life sentences: one for the substantive RICO count (Count I), one for the RICO conspiracy (Count II), and one for conspiracy to possess with intent to distribute cocaine and cocaine base (Count III). According to the Presentence Investigation Report (PIR) (accessed from USPO and to be filed in this record, under seal), the jury's verdict included findings as to several racketeering activities for both Counts I and II. As to each Count, the jury thrice deemed "proven" Powell's involvement in a conspiracy to commit murder, the statutory maximum penalty for which is life imprisonment. *See* 18 U.S.C. § 1117. As for the third life term, the statute of conviction permitted a term of imprisonment up to life for violations involving five or more kilograms of a substance containing a detectable amount of cocaine. *See* 21 U.S.C. § 841(b)(1)(A)(ii)(II). The Court notes that the statute of conviction has long authorized this maximum penalty. *See* Narcotics Penalties and Enforcement Act of 1986, Pub. L. 99-570, § 1002, 100 Stat. 3207, 3207-2 (providing mandatory minimum of ten years and maximum of life, the same penalties applicable today). Petitioner acknowledges the relevant drug quantity. *See* DE 1-1 at 7 ("[T]he jury only found Petitioner guilty of distributing *5 or more kilograms of cocaine*, 50 grams or more of cocaine base, and 1000 grams or more of heroin.") (emphasis added). Thus, the jury's decision on each of the three counts authorized each of the three life terms.

Therefore, the Court **ORDERS** as follows:

1. The Court **DENIES** Powell's petition for a writ of habeas corpus (DE 1);

2. The Court **DIRECTS** the Clerk to file **under seal** the PIR;

3. The Clerk **SHALL** dismiss this matter and strike it from the Court's active docket; and

4. The Court will enter a corresponding judgment on this date.

This the 6th day of April, 2020.

Signed By:
*Robert E. Wier* REW
United States District Judge